MICHAEL FAILLACE & ASSOCIATES, P.C.
60 East 42nd Street, Suite 4510
New York, New York 10165
Telephone: (212) 317-1200
Facsimile: (212) 317-1620
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------X
EUSTAQUIO ASCENCIO ENCARNACION,
*individually and on behalf of others similarly
situated,*

*Plaintiff*,

-against-

CITY CATERING CAFE INC.  (D/B/A CITY
CATERING CAFE), LEON MOORE, and
GEORGE JAMISON,

*Defendants.*

-------------------------------------------------------X

**COMPLAINT**

**COLLECTIVE ACTION UNDER
29 U.S.C. § 216(b)**

**ECF Case**

     Plaintiff Eustaquio Ascencio Encarnacion ("Plaintiff Encarnacion" or "Mr. Encarnacion"), individually and on behalf of others similarly situated, by and through his attorneys, Michael Faillace & Associates, P.C., upon his knowledge and belief, and as against City Catering Cafe Inc. (d/b/a City Catering Cafe), ("Defendant Corporation"), Leon Moore and George Jamison, ("Individual Defendants"), (collectively, "Defendants"), alleges as follows:

<u>**NATURE OF ACTION**</u>

    1.    Plaintiff Encarnacion is a former employee of Defendants City Catering Cafe Inc. (d/b/a City Catering Cafe), Leon Moore, and George Jamison.

    2.    Defendants own, operate, or control a catering deli and cafe, located at 333 E 23rd St New York, New York 10010 formerly located at 466 Lexington Avenue New York, New York 10019.  under the name "City Catering Cafe".

3.      Upon information and belief, individual Defendants Leon Moore and George Jamison, serve or served as owners, managers, principals, or agents of Defendant Corporation and, through this corporate entity, operate or operated the restaurant as a joint or unified enterprise.

4.      Plaintiff Encarnacion was employed as a delivery worker at the restaurant located at 333 E 23rd St New York, New York 10010.

5.      Plaintiff Encarnacion was ostensibly employed as a delivery worker. However, he was required to spend a considerable part of his work day performing non-tipped duties, including but not limited to Preparing salads, bringing up inventory, making cookies, cleaning the bathroom, sweeping the whole restaurant, sweeping the sidewalk, taking out the garbage, twisting and tying up cardboard boxes, carrying orders, stocking deliveries in the basement, cleaning the oven in the kitchen, and vacuuming mice droppings (hereafter the "non-tipped duties").

6.      At all times relevant to this Complaint, Plaintiff Encarnacion worked for Defendants without appropriate minimum wage compensation for the hours that he worked.

7.      Rather, Defendants failed to maintain accurate recordkeeping of the hours worked and failed to pay Plaintiff Encarnacion appropriately for any hours worked at the straight rate of pay.

8.      Furthermore, Defendants repeatedly failed to pay Plaintiff Encarnacion wages on a timely basis.

9.      Defendants employed and accounted for Plaintiff Encarnacion as a delivery worker in their payroll, but in actuality his duties required a significant amount of time spent performing the non-tipped duties alleged above.

10.     Regardless, at all relevant times, Defendants paid Plaintiff Encarnacion at a rate that was lower than the required tip-credit rate.

11.     However, under both the FLSA and NYLL, Defendants were not entitled to take a tip credit because Plaintiff Encarnacion's non-tipped duties exceeded 20% of each workday, or 2 hours per day, whichever is less in each day.  12 N.Y. C.R.R. §146.

12.     Upon information and belief, Defendants employed the policy and practice of disguising Plaintiff Encarnacion's actual duties in payroll records by designating him as a delivery worker instead of as a non-tipped employee. This allowed Defendants to avoid paying Plaintiff Encarnacion at the minimum wage rate and enabled them to pay him at the tip-credit rate (which they still failed to do).

13.     Defendants' conduct extended beyond Plaintiff Encarnacion to all other similarly situated employees.

14.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Encarnacion and other employees to work without providing the minimum wage compensation required by federal and state law and regulations.

15.     Plaintiff Encarnacion now brings this action on behalf of himself, and other similarly situated individuals, for unpaid minimum wages pursuant to the Fair Labor Standards Act of 1938, 29 U.S.C. § 201 *et seq*. ("FLSA"), and for violations of the N.Y. Labor Law §§ 190 *et seq*. and 650 *et seq.* (the "NYLL"), including applicable liquidated damages, interest, attorneys' fees and costs.

16.     Plaintiff Encarnacion seeks certification of this action as a collective action on behalf of himself, individually, and all other similarly situated employees and former employees of Defendants pursuant to 29 U.S.C. § 216(b).

**JURISDICTION AND VENUE**

17.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331 (federal question) and the FLSA, and supplemental jurisdiction over Plaintiff Encarnacion's state law claims under 28 U.S.C. § 1367(a).

18.      Venue is proper in this district under 28 U.S.C. § 1391(b) and (c) because all, or a substantial portion of, the events or omissions giving rise to the claims occurred in this district, Defendants maintain their corporate headquarters and offices within this district, and Defendants operate a catering deli and cafe located in this district. Further, Plaintiff Encarnacion was employed by Defendants in this district.

**PARTIES**

*Plaintiff*

19.     Plaintiff Eustaquio Ascencio Encarnacion ("Plaintiff Encarnacion" or "Mr. Encarnacion") is an adult individual residing in Queens County, New York.

20.     Plaintiff Encarnacion was employed by Defendants at City Catering & Cafe from approximately November 2016 until on or about December 3, 2019.

21.     Plaintiff Encarnacion consents to being a party plaintiff pursuant to 29 U.S.C. § 216(b), and brings these claims based upon the allegations herein as a representative party of a prospective class of similarly situated individuals under 29 U.S.C. § 216(b).

*Defendants*

22.     At all relevant times, Defendants owned, operated, or controlled a catering deli and cafe, located at 333 E 23rd St New York, New York 10010 formally located at 466 Lexington Avenue New York, New York 10019 under the name "City Catering Cafe".

23.     Upon information and belief, City Catering Cafe Inc. (d/b/a City Catering Cafe) is a domestic corporation organized and existing under the laws of the State of New York. Upon information and belief, it maintains its principal place of business at 333 E 23rd St New York, New York 10010.

24.     Defendant Leon Moore is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant Leon Moore is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant Leon Moore possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Encarnacion, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

25.     Defendant George Jamison is an individual engaging (or who was engaged) in business in this judicial district during the relevant time period. Defendant George Jamison is sued individually in his capacity as owner, officer and/or agent of Defendant Corporation. Defendant George Jamison possesses operational control over Defendant Corporation, an ownership interest in Defendant Corporation, and controls significant functions of Defendant Corporation. He determines the wages and compensation of the employees of Defendants, including Plaintiff Encarnacion, establishes the schedules of the employees, maintains employee records, and has the authority to hire and fire employees.

## FACTUAL ALLEGATIONS

*Defendants Constitute Joint Employers*

26.     Defendants operate a catering deli and cafe located in the Kips Bay section of Manhattan.

27.     Individual Defendants, Leon Moore and George Jamison, possess operational control over Defendant Corporation, possess ownership interests in Defendant Corporation, and control significant functions of Defendant Corporation.

28.     Defendants are associated and joint employers, act in the interest of each other with respect to employees, pay employees by the same method, and share control over the employees.

29.     Each Defendant possessed substantial control over Plaintiff Encarnacion's (and other similarly situated employees') working conditions, and over the policies and practices with respect to the employment and compensation of Plaintiff Encarnacion, and all similarly situated individuals, referred to herein.

30.     Defendants jointly employed Plaintiff Encarnacion (and all similarly situated employees) and are Plaintiff Encarnacion's (and all similarly situated employees') employers within the meaning of 29 U.S.C. 201 *et seq*. and the NYLL.

31.     In the alternative, Defendants constitute a single employer of Plaintiff Encarnacion and/or similarly situated individuals.

32.     Upon information and belief, Individual Defendants Leon Moore and George Jamison operate Defendant Corporation as either an alter ego of themselves and/or failed to operate Defendant Corporation as an entity legally separate and apart from themselves, by among other things:

a)  failing to adhere to the corporate formalities necessary to operate Defendant Corporation as a Corporation,

b)  defectively forming or maintaining the corporate entity of Defendant Corporation, by, amongst other things, failing to hold annual meetings or maintaining appropriate corporate records,

c)  transferring assets and debts freely as between all Defendants,

d)  operating Defendant Corporation for their own benefit as the sole or majority shareholders,

e)  operating Defendant Corporation for their own benefit and maintaining control over this corporation as a closed Corporation,

f)  intermingling assets and debts of their own with Defendant Corporation,

g)  diminishing and/or transferring assets of Defendant Corporation to avoid full liability as necessary to protect their own interests, and

h)  Other actions evincing a failure to adhere to the corporate form.

33.     At all relevant times, Defendants were Plaintiff Encarnacion's employers within the meaning of the FLSA and New York Labor Law. Defendants had the power to hire and fire Plaintiff Encarnacion, controlled the terms and conditions of employment, and determined the rate and method of any compensation in exchange for Plaintiff Encarnacion's services.

34.     In each year from 2016 to 2019, Defendants, both separately and jointly, had a gross annual volume of sales of not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

35.     In addition, upon information and belief, Defendants and/or their enterprise were directly engaged in interstate commerce. As an example, numerous items that were used in the restaurant on a daily basis are goods produced outside of the State of New York.

*Individual Plaintiff*

36.     Plaintiff Encarnacion is a former employee of Defendants who ostensibly was employed as delivery worker. However, he spent over 20% of each shift performing the non-tipped duties described above.

37.     Plaintiff Encarnacion seeks to represent a class of similarly situated individuals under 29 U.S.C. 216(b).

*Plaintiff Eustaquio Ascencio Encarnacion*

38.     Plaintiff Encarnacion was employed by Defendants from approximately November 2016 until on or about December 3, 2019.

39.     Defendants ostensibly employed Plaintiff Encarnacion as a delivery worker.

40.     However, Plaintiff Encarnacion was also required to spend a significant portion of his work day performing the non-tipped duties described above.

41.     Although Plaintiff Encarnacion ostensibly was employed as a delivery worker, he spent over 20% of each day performing non-tipped work throughout his employment with Defendants.

42.     Plaintiff Encarnacion regularly handled goods in interstate commerce, such as food and other supplies produced outside the State of New York.

43.     Plaintiff Encarnacion's work duties required neither discretion nor independent judgment.

44.    From approximately November 2016 until on or about November 2018, Plaintiff Encarnacion worked at the Lexington Avenue location from approximately 7:00 a.m. until on or about 2:00 p.m., 5 days a week (typically 2.35 hours per week).

45.    From approximately December 2018 until on or about December 3, 2019, Plaintiff Encarnacion worked at the 23rd street location three weeks a month from approximately 8:00 a.m. until on or about 2:00 p.m., Mondays through Thursdays (typically 22 hours per week).

46.    From approximately December 2018 until on or about December 3, 2019, Plaintiff Encarnacion worked at the 23rd street location one week a month from approximately 8:00 a.m. until on or about 2:00 p.m., Mondays through Fridays (typically 27.5 hours per week).

47.    Throughout his employment, Defendants paid Plaintiff Encarnacion his wages by check.

48.    From approximately January 2016 until on or about December 31, 2018, Defendants paid Plaintiff Encarnacion $7.50 per hour.

49.    From approximately January 2019 until on or about December 3, 2019, Defendants paid Plaintiff Encarnacion $10.00 per hour.

50.    Plaintiff Encarnacion was never notified by Defendants that his tips were being included as an offset for wages.

51.    Defendants did not account for these tips in any daily or weekly accounting of Plaintiff Encarnacion's wages.

52.    On a number of occasions, Defendants required Plaintiff Encarnacion to sign a document, the contents of which he was not allowed to review in detail.

53.    Defendants took improper and illegal deductions from Plaintiff Encarnacion's wages; specifically, Defendants deducted $10 worth of tips for every 10 minutes he was late.

54.     No notification, either in the form of posted notices or other means, was ever given to Plaintiff Encarnacion regarding overtime and wages under the FLSA and NYLL.

55.     Defendants did not provide Plaintiff Encarnacion an accurate statement of wages, as required by NYLL 195(3).

56.     Defendants did not give any notice to Plaintiff Encarnacion, in English and in Spanish (Plaintiff Encarnacion's primary language), of his rate of pay, employer's regular pay day, and such other information as required by NYLL §195(1).

*Defendants' General Employment Practices*

57.     At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff Encarnacion (and all similarly situated employees) to work without paying him appropriate minimum wage as required by federal and state laws.

58.     Plaintiff Encarnacion was a victim of Defendants' common policy and practices which violate his rights under the FLSA and New York Labor Law by, *inter alia*, not paying him the wages he was owed for the hours he worked.

59.     Defendants required Plaintiff Encarnacion and all other delivery workers to perform general non-tipped tasks in addition to their primary duties as delivery workers.

60.      Plaintiff Encarnacion and all similarly situated employees, ostensibly were employed as tipped employees by Defendants, although their actual duties included a significant amount of time spent performing the non-tipped duties outlined above.

61.     Plaintiff Encarnacion's duties were not incidental to his occupation as a tipped worker, but instead constituted entirely unrelated general restaurant work with duties, including the non-tipped duties described above.

62.      Plaintiff Encarnacion and all other tipped workers were paid at a rate that was lower than the lower tip-credit rate by Defendants.

63.      However, under state law, Defendants were not entitled to a tip credit because the tipped worker's and Plaintiff Encarnacion's non-tipped duties exceeded 20% of each workday (or 2 hours a day, whichever is less) (12 N.Y.C.R.R. § 146).

64.      New York State regulations provide that an employee cannot be classified as a tipped employee on any day in which he or she has been assigned to work in an occupation in which tips are not customarily received. (12 N.Y.C.R.R. §§137-3.3 and 137-3.4). Similarly, under federal regulation 29 C.F.R. §531.56(e), an employer may not take a tip credit for any employee time if that time is devoted to a non-tipped occupation.

65.      In violation of federal and state law as codified above, Defendants classified Plaintiff Encarnacion and other tipped workers as tipped employees, and paid them at a rate that was lower than the lower tip-credit rate when they should have classified them as non-tipped employees and paid them at the minimum wage rate.

66.      Defendants failed to inform Plaintiff Encarnacion who received tips that Defendants intended to take a deduction against Plaintiff Encarnacion's earned wages for tip income, as required by the NYLL before any deduction may be taken.

67.      Defendants failed to inform Plaintiff Encarnacion who received tips, that his tips were being credited towards the payment of the minimum wage.

68.      Defendants failed to maintain a record of tips earned by Plaintiff Encarnacion who worked as a delivery worker for the tips he received. Defendants' time keeping system did not reflect the actual hours that Plaintiff Encarnacion worked.

69.     On a number of occasions, Defendants required Plaintiff Encarnacion to sign a document the contents of which he was not allowed to review in detail. Defendants failed to post at the workplace, or otherwise provide to employees, the required postings or notices to employees regarding the applicable wage and hour requirements of the FLSA and NYLL.

70.     Upon information and belief, these practices by Defendants were done willfully to disguise the actual number of hours Plaintiff Encarnacion (and similarly situated individuals) worked, and to avoid paying Plaintiff Encarnacion properly for his full hours worked.

71.     Defendants engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and NYLL.

72.     Defendants' unlawful conduct was intentional, willful, in bad faith, and caused significant damages to Plaintiff Encarnacion and other similarly situated former workers.

73.     Defendants failed to provide Plaintiff  Encarnacion and other employees with accurate wage statements at the time of their payment of wages, containing: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL §195(3).

74.     Defendants failed to provide Plaintiff Encarnacion and other employees, at the time of hiring and on or before February 1 of each subsequent year, a statement in English and the employees' primary language, containing: the rate or rates of pay and basis thereof, whether paid by

the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by New York Labor Law §195(1).

## FLSA COLLECTIVE ACTION CLAIMS

75.    Plaintiff Encarnacion brings his FLSA minimum wage and liquidated damages claims as a collective action pursuant to FLSA Section 16(b), 29 U.S.C. § 216(b), on behalf of all similarly situated persons (the "FLSA Class members"), i.e., persons who are or were employed by Defendants or any of them, on or after the date that is three years before the filing of the complaint in this case (the "FLSA Class Period").

76.    At all relevant times, Plaintiff Encarnacion and other members of the FLSA Class were similarly situated in that they had substantially similar job requirements and pay provisions, and have been subject to Defendants' common practices, policies, programs, procedures, protocols and plans including willfully failing and refusing to pay them the required minimum wage and willfully failing to keep records under the FLSA.

77.    The claims of Plaintiff Encarnacion stated herein are similar to those of the other employees.

## FIRST CAUSE OF ACTION

## VIOLATION OF THE MINIMUM WAGE PROVISIONS OF THE FLSA

78.    Plaintiff Encarnacion repeats and realleges all paragraphs above as though fully set forth herein.

79.     At all times relevant to this action, Defendants were Plaintiff Encarnacion's employers within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203(d).  Defendants had the power to hire and fire Plaintiff Encarnacion (and the FLSA Class Members), controlled the terms and conditions of their employment, and determined the rate and method of any compensation in exchange for their employment.

80.     At all times relevant to this action, Defendants were engaged in commerce or in an industry or activity affecting commerce.

81.     Defendants constitute an enterprise within the meaning of the Fair Labor Standards Act, 29 U.S.C. § 203 (r-s).

82.     Defendants failed to pay Plaintiff Encarnacion (and the FLSA Class members) at the applicable minimum hourly rate, in violation of 29 U.S.C. § 206(a).

83.     Defendants' failure to pay Plaintiff Encarnacion (and the FLSA Class members) at the applicable minimum hourly rate was willful within the meaning of 29 U.S.C. § 255(a).

84.     Plaintiff Encarnacion (and the FLSA Class members) were damaged in an amount to be determined at trial.

## SECOND CAUSE OF ACTION

### VIOLATION OF THE NEW YORK MINIMUM WAGE ACT

85.     Plaintiff Encarnacion repeats and realleges all paragraphs above as though fully set forth herein.

86.     At all times relevant to this action, Defendants were Plaintiff Encarnacion's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.  Defendants had the power to hire and fire Plaintiff Encarnacion, controlled the terms and conditions of his employment, and determined the rates and methods of any compensation in exchange for his employment.

87.     Defendants, in violation of NYLL § 652(1) and the supporting regulations of the New York State Department of Labor, paid Plaintiff Encarnacion less than the minimum wage.

88.     Defendants' failure to pay Plaintiff Encarnacion the minimum wage was willful within the meaning of N.Y. Lab. Law § 663.

89.     Plaintiff Encarnacion was damaged in an amount to be determined at trial.

### THIRD CAUSE OF ACTION

### VIOLATION OF THE NOTICE AND RECORDKEEPING

### REQUIREMENTS OF THE NEW YORK LABOR LAW

90.     Plaintiff Encarnacion repeats and realleges all paragraphs above as though fully set forth herein.

91.     Defendants failed to provide Plaintiff Encarnacion with a written notice, in English and in Spanish (Plaintiff Encarnacion's primary language), containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by NYLL §195(1).

92.     Defendants are liable to Plaintiff Encarnacion in the amount of $5,000, together with costs and attorneys' fees.

### FOURTH CAUSE OF ACTION

### VIOLATION OF THE WAGE STATEMENT PROVISIONS

### OF THE NEW YORK LABOR LAW

93.     Plaintiff Encarnacion repeats and realleges all paragraphs above as though fully set forth herein.

94.     With each payment of wages, Defendants failed to provide Plaintiff Encarnacion with an accurate statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

95.     Defendants are liable to Plaintiff Encarnacion in the amount of $5,000, together with costs and attorneys' fees.

## FIFTH CAUSE OF ACTION

### UNLAWFUL DEDUCTIONS FROM WAGES IN VIOLATION
### OF THE NEW YORK LABOR LAW

96.     Plaintiff Encarnacion repeats and realleges all paragraphs above as though set forth fully herein.

97.     At all relevant times, Defendants were Plaintiff Encarnacion's employers within the meaning of the N.Y. Lab. Law §§ 2 and 651.

98.     Defendants made unlawful deductions from Plaintiff Encarnacion's wages; specifically, Defendants would take $10 from Plaintiff's tips for every 10 minutes he arrived late.

99.     The deductions made from Plaintiff Encarnacion's wages were not authorized or required by law.

100.    Through their knowing and intentional efforts to take unauthorized deductions from

Plaintiff Encarnacion's wages, Defendants willfully violated NYLL, Article 6, §§ 190 *et seq.*, and supporting New York State regulations.

101.    Plaintiff Encarnacion was damaged in an amount to be determined at trial.


## SIXTH CAUSE OF ACTION

## VIOLATION OF THE TIMELY PAYMENT PROVISIONS

## OF THE NEW YORK LABOR LAW

102.     Plaintiff Encarnacion repeats and realleges all paragraphs above as though set forth fully herein.

103.    Defendants did not pay Plaintiff Encarnacion on a regular weekly basis, in violation of NYLL §191.

104.    Defendants are liable to Plaintiff Encarnacion in an amount to be determined at trial.


## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Encarnacion respectfully requests that this Court enter judgment against Defendants by:

(a)    Designating this action as a collective action and authorizing prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all putative class members apprising them of the pendency of this action, and permitting them to promptly file consents to be Plaintiffs in the FLSA claims in this action;

(b)    Declaring that Defendants violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff Encarnacion and the FLSA Class members;

(c)     Declaring that Defendants violated the recordkeeping requirements of, and associated rules and regulations under, the FLSA with respect to Plaintiff Encarnacion's and the FLSA Class members' compensation, hours, wages, and any deductions or credits taken against wages;

(d)     Declaring that Defendants' violations of the provisions of the FLSA were willful as to Plaintiff Encarnacion and the FLSA Class members;

(e)     Awarding Plaintiff Encarnacion and the FLSA Class members damages for the amount of unpaid minimum wage and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f)     Awarding Plaintiff Encarnacion and the FLSA Class members liquidated damages in an amount equal to 100% of his damages for the amount of unpaid minimum wage, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. § 216(b);

(g)     Declaring that Defendants violated the minimum wage provisions of, and rules and orders promulgated under, the NYLL as to Plaintiff Encarnacion;

(h)     Declaring that Defendants violated the timely payment provisions of the NYLL as to Plaintiff Encarnacion;

(i)     Declaring that Defendants violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff Encarnacion's compensation, hours, wages and any deductions or credits taken against wages;

(j)     Declaring that Defendants' violations of the provisions of the NYLL were willful as to Plaintiff Encarnacion;

(k)     Awarding Plaintiff Encarnacion damages for the amount of unpaid minimum wage,

and for any improper deductions or credits taken against wages as applicable

      (l)    Awarding Plaintiff Encarnacion damages for Defendants' violation of the NYLL notice and recordkeeping provisions, pursuant to NYLL §§198(1-b), 198(1-d);

      (m)    Awarding Plaintiff Encarnacion liquidated damages in an amount equal to one hundred percent (100%) of the total amount of minimum wage shown to be owed pursuant to NYLL § 663 as applicable; and liquidated damages pursuant to NYLL § 198(3);

      (n)    Awarding Plaintiff Encarnacion and the FLSA Class members pre-judgment and post-judgment interest as applicable;

      (o)    Awarding Plaintiff Encarnacion and the FLSA Class members the expenses incurred in this action, including costs and attorneys' fees;

      (p)    Providing that if any amounts remain unpaid upon the expiration of ninety days following issuance of judgment, or ninety days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by fifteen percent, as required by NYLL § 198(4); and

      (q)    All such other and further relief as the Court deems just and proper.

## **<u>JURY DEMAND</u>**

    Plaintiff Encarnacion demands a trial by jury on all issues triable by a jury.

Dated:  New York, New York

      August 9, 2021

                            MICHAEL FAILLACE & ASSOCIATES, P.C.

                    By:        /s/ Michael Faillace
                            Michael Faillace [MF-8436]
                            60 East 42nd Street, Suite 4510
                            New York, New York 10165
                            Telephone: (212) 317-1200
                            Facsimile: (212) 317-1620

*Attorneys for Plaintiff*

# Michael Faillace & Associates, P.C.
### Employment and Litigation Attorneys

60 E 42nd Street, Suite 4510
New York, New York 10165

Telephone: (212) 317-1200
Facsimile: (212) 317-1620

Faillace@employmentcompliance.com

December 17, 2019

BY HAND

TO:    Clerk of Court,

I hereby consent to join this lawsuit as a party plaintiff.
**(Yo, por medio de este documento, doy mi consentimiento para formar parte de la demanda como uno de los demandantes.)**

Name / Nombre:              Eustaquio Ascencio Encarnacion

Legal Representative / Abogado:    Michael Faillace & Associates, P.C.

Signature / Firma:           EUSTAQUIO

Date / Fecha:               17 de deciembre 2019

*Certified as a minority-owned business in the State of New York*